UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN DIVISION

| | | |
|---|---|---|
| American Orthodontics Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: _____ |
| | ) | |
| v. | ) | |
| | ) | Demand for Jury Trial |
| Atlantic Dental, Inc., d/b/a | ) | |
| MidAtlantic Orthodontics, Inc.,  and | ) | |
| MidAtlantic Dental, Inc., | ) | |
| | ) | |
| Defendant. | | |

## COMPLAINT

Plaintiff for its Complaint alleges as follows:

<u>NATURE OF THE ACTION</u>

1.     This is a civil action for trademark infringement of U.S. Trademark
Registration No. 4,437,574 under 15 U.S.C. § 1114, and Unfair Competition and
False Designation of Origin under 15 U.S.C. § 1125(a).

<u>THE PARTIES</u>

2.     Plaintiff, American Orthodontics Corporation ("AO"), is a Wisconsin
Corporation having a principal place of business at 3524 Washington Avenue,
Sheboygan, Wisconsin 53082.  AO is the world's largest privately held

manufacturer of orthodontic appliances, with more than 600 employees worldwide serving customers in more than 100 countries.

3.     On information and belief, defendant Atlantic Dental, Inc. is a New Jersey corporation having a place of business at 1008 Industrial Drive, Suite D-E, West Berlin, New Jersey 08091.

4.     On information and belief, defendant MidAtlantic Orthodontics, Inc. is a sham corporation that is an alias of Atlantic Dental, Inc.  The website www.midatlanticortho.com/contacts identifies MidAtlantic Orthodontics, Inc. as the proprietor of www.midatlanticortho.com, and represents its place of business as 1008 Industrial Drive, Suite D, West Berlin, New Jersey 08091.

5.     On information and belief, defendant MidAtlantic Dental, Inc. is a sham corporation that is an alias of Atlantic Dental, Inc. Internet domain registration information identifies MidAtlantic Dental, Inc. as the registrant of www.midatlanticortho.com, and represents its place of business as 1008 Industrial Drive, Suite K, West Berlin, New Jersey 08091.  .

6.     On information and belief, defendant Atlantic Dental, Inc. and its aliases MidAtlantic Orthodontics, Inc.  and MidAtlantic Dental, Inc. (collectively "Atlantic" or "Defendant") are under the common control of Mr. Anthony Prusich and collectively operate the business known as "MidAtlantic Ortho" along with the website www.midatlanticortho.com.

## JURISDICTION AND VENUE

7.     This is an action for trademark infringement and unfair competition under the trademark laws of the United States, 15 U.S.C. § 1 *et seq.*, and particularly 15 U.S.C §§ 1114 and 1125(a).

8.     This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b) because this action arises under the Trademark Laws of the United States.

9.     This Court has personal jurisdiction over Defendant because Atlantic Dental, Inc. is a New Jersey corporation, Defendant has its principal place of business in West Berlin, New Jersey, Defendant has contacts with and conduct business in New Jersey and within this district, Defendant has purposely availed itself of the opportunity to conduct commercial activities in this judicial district, and Plaintiff's claims arise, in part, out of acts that Defendant purposefully directed at New Jersey and this district, and as further alleged herein.

10.     Venue in the United States District Court for the District of New Jersey is proper pursuant to 28 U.S.C. § 1391(b) and (c).

## PLAINTIFF'S BUSINESS

11.     AO is the world's largest privately held manufacturer of orthodontic appliances and is based in Sheboygan, Wisconsin.  AO was founded in 1968, and over the past nearly 50 years, AO has built a highly successful orthodontic goods

manufacturing and supply business by manufacturing high quality products,

innovating new orthodontic products that advance the industry and maintaining

high quality service.

12.    In the United States, AO serves customers in all 50 states, including

New Jersey. AO has been recognized with the Wisconsin Manufacturer of the Year

Award in 2002 and 2009; is a Diamond Corporate Partner of the American

Association of Orthodontists Foundation (AAOF), and is a leader in supporting the

continuation of the orthodontic specialty.

13.    AO's product line includes diverse orthodontic and offerings

including the IFIT® line of orthodontic direct bond molar tubes.

14.    Beginning on February 21, 2013, and before any date upon which

MidAtlantic can rely, AO used the IFIT mark in association with the marketing,

promotion, and sale of its orthodontic goods including, but not limited to,

orthodontic tubes.

15.    AO is the owner of trademark rights in the "iFit" name and IFIT mark

in association with the promotion and sale of orthodontic goods throughout the

United States.  As a result, the IFIT mark has become a valuable asset of AO and a

symbol of AO's goodwill in the orthodontic industry.

16.    As a result of years of use and exclusive offering of orthodontic goods

under the IFIT mark, the "iFit" name and the IFIT mark are recognized by the

general public and are associated in the minds of the public with AO and its products.

17.   The word "Fit" in AO's IFIT mark forms a dominant portion of the mark.

18.   In certain instances, AO advertises its IFIT orthodontic goods with a stylized small "i" and an emphasis on the word "fit" as follows :



19.   As such the dominant commercial impression of the IFIT mark, as used in commerce, is the word "fit".

20.   AO is the owner of United States Federal Trademark Registration No. 4,437,574 for the trademark IFIT, listing goods and services of "orthodontic tubes and brackets," with a first use date of February 21, 2013. A copy of the U.S. Trademark Registration is attached as Exhibit A.

21.   AO has been continuously using the IFIT mark for orthodontic tubes in interstate commerce since at least February 21, 2013.

22.     The registration noted above constitute *prima facie* evidence of the protectability and of AO's exclusive right to use the IFIT mark on orthodontic tubes and brackets throughout the United States.

23.     AO has an expansive presence in interstate commerce.  AO has more than 600 employees worldwide serving customers in more than 100 countries and in all 50 states. AO has sold its IFIT products to customers in all 50 states.

24.     AO's IFIT products are proudly manufactured in the United States at AO's Sheboygan, Wisconsin headquarters.

25.     As a result, the IFIT marks represent substantial goodwill in the operations of AO in the United States and throughout the world.

26.     Accordingly, AO has made substantial efforts to establish and maintain significant consumer goodwill in the orthodontic goods offered under the IFIT mark throughout the United States.

27.     AO has spent over $275,000.00 in advertising and promoting its IFIT brand orthodontic goods between its launch in 2013 and the present in a successful effort to establish brand awareness and goodwill in the IFIT trademark.  AO's advertising and promoting has appeared in social media campaigns, print ads, flyers, and trade show appearances.

28.     AO's IFIT product line has won many awards in the orthodontics industry. Annexed hereto as Exhibit B are true and correct copies of the Orthotown

Townie Choice Awards for 2014, 2015, and 2016.  Orthotown is a magazine for Orthodontists that annually asks its readers to vote on the best products in a variety of categories.  In 2016, American Orthodontics buccal tubes were voted "best in class" with 39% of the category votes, in 2015 with 42% of the category votes, and in 2015 with 57% of the category votes.

<u>DEFENDANT'S BUSINESS</u>

29.     Defendant, on information and belief, operates an orthodontic supply business as "MidAtlantic Ortho" primarily though internet commerce via the web domain www.midatlanticortho.com. A screenshot of excerpts of Atlantic's website is attached hereto as Exhibit  C.

30.     Atlantic is solely owned by Anthony (Tony) Prusich.

31.     On information and belief, Atlantic does business as "MAO" in an attempt to trade off American Orthodontics' prominent "AO" brand.

32.     Atlantic has a history of misappropriating AO's intellectual property.

33.     In March 2016, it came to AO's attention that Atlantic had stolen AO's marketing materials and used them to promote non-AO products on the MidAtlantic Ortho website.

34.     Exhibit D is a printout of the AO webpage http://www.americanortho.com/ radiance.html, as accessed on March 22, 2016, including a photo of AO's Radiance Plus™ product.

- 7 -

35.    Exhibit E are copies of printouts of the MidAtlantic Ortho webpages http://www.midatlanticortho.com/products/ orthodonticbrackets/aestheticbrackets/novacc/ and http://www.midatlantic ortho.com/products/orthodonticbrackets/aestheticbrackets/prism/, as accessed on March 22, 2016, which include stolen photos of AO's Radiance Plus™ product.

36.    Exhibit F is an email string between counsel for American Orthodontics, Benjamin Imhoff of Andrus Intellectual Property Law, LLP, and Tony Prusich of MidAtlantic Ortho, including the letter which was attached to the original March 25, 2016 email from Andrus Intellectual Property Law, LLP, which addresses the stolen photos of American Orthodontics' Radiance Plus™ product that were inaccurately presented on MidAtlantic Ortho's website.

37.    On information and belief, Atlantic introduced a new orthodontic product in March 2017 under the names "FiT.20" and "Fit" (herein the "Fit name").

38.    Atlantic uses the Fit name on orthodontic goods, namely, orthodontic brackets and tubes.

39.    In certain instances, Atlantic advertises its Fit orthodontic goods with a stylized small "i" and a suffix of ".20" as follows:

# FiT.20

40.     In other instances, Atlantic advertises its Fit orthodontic goods without the stylized small "i" or ".20" suffix as demonstrated in Exhibits G-H.

41.     AO's IFIT trademark and Atlantic's Fit name are used on identical goods (tubes) in the orthodontic industry.

42.     AO's IFIT trademark and Atlantic's Fit name use the same dominant word "Fit" and both marks rely on the letters F-I-T to create the dominant commercial impression.

43.     Atlantic's Fit name is similar to AO's IFIT trademark in appearance, sound, connotation and commercial impression.

44.     Orthodontic goods bearing AO's IFIT trademark and Atlantic's Fit name both travel in the same established, likely-to-continue trade channels, including, but not limited to e-commerce and orthodontic industry trade shows.

45.     Upon information and belief, Atlantic intends to derive benefit from the reputation of the AO's IFIT mark by adopting confusing similar mark for identical goods in the orthodontics industry.

46.     Atlantic's use of the ".20" suffix only enhances the confusion and a commercial impression of affiliation with AO because it is likely construed by the

consuming public as attempt to connote Atlantic's products as the "next generation" of AO's IFIT trademark products.

47.     There is a likelihood of confusion as to the source or sponsorship of the goods that Atlantic offers under the Fit name because the Fit name is confusingly similar to AO's IFIT trademark.

48.     Defendant is not authorized by AO to use the AO's IFIT mark or any similar name for orthodontic goods.

49.     Upon information and belief, Atlantic's Fit product is contract manufactured in Taiwan by a company called MEM Dental Technology Co. Exhibit I is a photograph of MidAtlantic Ortho's Fit product as purchased demonstrating that Atlantic's infringing Fit products manufactured and private labeled in Taiwan.

50.     On March 21, 2017, AO, through its attorneys, sent a letter to Mr. Tony Prusich MidAtlantic Orthodontics, Inc. advising on AO's ownership of U.S. Trademark Registration No. 4,437,574 for the trademark IFIT, stating AO's belief that Atlantic's Fit name is confusingly similar to the IFIT trademark registration, and demanding that MidAtlantic cease and desist from use of the Fit name.

51.     Atlantic prominently advertised and promoted orthodontic goods bearing the FiT.20 name at the American Association of Orthodontists (AAO) Annual Session in San Diego, California from April 21 -25, 2017.

52.     Atlantic advertised on its social media channels its promotion of

orthodontic goods bearing the Fit name at the AAO Annual Session in San Diego,

California:





MAO  **MidAtlantic Ortho**
@MidAtlanticOrtho · Follow

Discover the advantages of the NEW FiT.20 passive self-ligation system! Booth 1147 at #AAO2017! #MidAtlanticOrtho



LIKE
1

MAO  MidAtlantic Ortho

We're excited to be launching the NEW FiT.20 passive self-ligation system and to have Dr "Tito" Norris, orthodontist and developer of the system at our booth! Stop by to meet and speak with him while you're at #AAO2017!



- 12 -

53.   AO also attended the 2017 AAO Annual Session, was a primary sponsor of the event, and promoted its iFit orthodontic products at the event.

54.   On the last day of the AAO Annual Session (April 25, 2017), Atlantic's counsel sent a letter responding to AO's March 21 letter advising that "we do not believe there is any likelihood of confusion between IFIT and FiT.20" and refusing to cease and desist from its infringing activity.

55.   On May 3, 2017 AO's counsel sent another letter rebutting Atlantic's counsel's conclusions on confusion and reiterating AO's request that Atlantic stop use of the Fit name by May 10, 2017.

56.   On May 10, 2017 Atlantic's counsel sent a letter to AO's counsel stating: "[w]e are considering your position carefully, but have not yet had the opportunity to discuss this matter with our client. Once we have completed our work and discuss this matter with our client, we will get back to you and/or request a time to set up a call to discuss this matter further."

57.   On May 10, 2017 AO's counsel sent email correspondence to Atlantic's counsel stating: "use of an infringing trademark by a competitor causes irreparable damage to the trademark owner. To mitigate the damages your client is causing my client, we demand that Atlantic cease dissemination of trade advertisements and any on-line marketing campaigns related to the FIT2.0 brand while you take additional time to discuss this matter."

58.     Atlantic did not respond to AO's counsel's May 10, 2017 email or substantively to the May 3, 2017 letter.

59.     Instead, Atlantic launched a "FiT Self-Ligating Promotion!!!" via email and on its website on May 17, 2017, as demonstrated in Exhibit C annexed hereto.

60.     AO promptly prepared and filed a Complaint and Motion for Preliminary Injunction against Atlantic and filed the Complaint with the Southern District of California on June 5, 2017.

61.     After issuance of the Summons, AO filed the Motion for Preliminary Injunction and associated papers with the Southern District of California on June 6, 2017.

62.     The Complaint and Motion for Preliminary Injunction were served on Atlantic on June 8, 2017.

63.     On June 29, 2017 Atlantic filed a Motion to Dismiss or to Transfer to the District of New Jersey.

64.     In its supporting papers for its Motion to Dismiss or Transfer, Atlantic admitted: "[t]he The District of New Jersey is the primary locus of the alleged events, activities, and circumstances relating to the case. Because the relevant witnesses and documents are located in New Jersey, it is the natural venue in which this case should be litigated."

65.     Atlantic further admitted: "All activities relating to the Accused Product and its marketing, including use of the Atlantic Mark, were executed from Atlantic's West Berlin office. Specifically, the accused activity of advertising and selling products using the FiT.20 mark, including on Atlantic's website and social media, occurs in Atlantic's West Berlin, New Jersey office...All products using the FiT.20 mark are manufactured overseas and shipped directly to Atlantic's office in West Berlin, New Jersey, except for the wire component of the product which is manufactured in Connecticut and shipped to its West Berlin, New Jersey office... Atlantic maintains on its website an online ordering form for the public to place orders, and will ship its products to the location designated by the purchaser."

66.     On July 17, 2017 AO Opposed Atlantic's Motion to Dismiss or to Transfer to the District of New Jersey.

67.     On September 19, 2017 the U.S. District Court for the Southern District of California dismissed AO's complaint for lack of personal jurisdiction over Atlantic in California.

68.     The U.S. District Court for the Southern District of California did not rule on AO's Motion for Preliminary Injunction.

69.     In the July/Aug 2017 issue of Orthodontic Practice magazine, Atlantic promoted its Fit products with a full inside back cover ad (Exhibit J).

70.     Accordingly, considerable irreparable harm continues to be inflicted on AO due to Atlantic's infringing use of the Fit name, and such harm will continue to be inflicted until Atlantic is enjoined from using the Fit name.

<u>COUNT I – FEDERAL TRADEMARK INFRINGEMENT</u>

71.     Plaintiff AO hereby incorporates paragraphs above as if fully set forth herein.

72.     Atlantic's conduct, including their unauthorized use of the Fit name as a source designator for orthodontic goods, including orthodontic tubes, constitutes trademark infringement of AO's U.S. Trademark Registration No. 4,437,574 in violation of 15 U.S.C. § 1114 by creating, and continuing to create, a likelihood of confusion with Plaintiff's registered IFIT mark.

73.     On information and belief, Atlantic was aware of AO's business and its IFIT mark before it engaged in the infringing activities and adopted the infringing Fit name.

74.     On information and belief, Atlantic copied the dominant portion of AO's IFIT mark with the intention of deceiving and misleading customers, the relevant industry, and the public at large or wrongfully trading on the goodwill and reputation of Plaintiff.

75.     As a direct and proximate result of Atlantic's actions, AO has been irreparably harmed, including damage to its business and reputation, and will

- 16 -

continue to be irreparably harmed unless and until Defendant ceases use of the infringing mark.

## COUNT II – FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

76.     Plaintiff AO hereby incorporates paragraphs above as if fully set forth herein.

77.     Atlantic's conduct, including its use of the Fit name as a source designator for orthodontic goods, including orthodontic tubes, constitutes unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a) by creating, and continuing to create, a likelihood of confusion with Plaintiff's IFIT mark and related trademark rights in its "iFit" name, configuration, and commercial appearance.

78.     On information and belief, Atlantic was aware of AO's business and its IFIT mark before it engaged in the infringing activities and adopted the infringing Fit name Atlantic knew of AO's IFIT mark and related trademark rights in its "iFit" name, configuration, and commercial appearance for orthodontic products before Defendant's own adoption and use of the Fit name.

79.     On information and belief, Atlantic copied the dominant portion of AO's IFIT mark and related trademark rights in its "iFit" name, configuration, and commercial appearance for orthodontic products with the intention of deceiving

and misleading customers, the relevant industry, and the public at large or wrongfully trading on the goodwill and reputation of Plaintiff.

80.     As a direct and proximate result of Atlantic's actions, AO has been irreparably harmed, including damage to its business and reputation, and will continue to be irreparably harmed unless and until Defendant ceases use of the infringing mark.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff AO prays for the following relief:

A.     That the Court adjudge United States Federal Trademark Registration No. 4,437,574 infringed by Atlantic.

B.     That the Court adjudge United States Federal Trademark Registration No. 4,437,574 willfully infringed by Atlantic.

C.     That the Court adjudge that Defendant haa unfairly competed with AO and that such unfair competition was willful.

D.     That Defendant, its officers, agents, servants, employees, and attorneys, successors and assigns, and all those in active concert or participation with any of them who receive actual notice of the order by personal service or otherwise, be enjoined from:

(1)      Using any name, mark, trade dress, indication of source or other identifier that is similar in whole or in part to any of AO's IFIT marks, or its "iFit" name or imagery;

(2)      Doing any other act or thing likely to confuse, mislead, or deceive others into believing that Atlantic, or their business or goods or services, emanate from or are connected with, sponsored by, or approved by AO.

(3)      Aiding or abetting any other person in committing any of the acts prohibited by (1) and (2) above.

E.      That Atlantic be ordered to turn over to AO or destroy all products, advertising paraphernalia, kits, labels, signs, prints, packages, containers, stationery, promotion materials, advertising and other items, whether in physical, electronic, or other form, bearing any name, mark, trade dress, indication of source or other identifier that is similar in whole or in part to AO's IFIT marks, including, but not limited to the Fit name, including, but not limited to "FiT.20" "Fit" and "FiT."

F.      That AO be awarded all profits derived by Defendant by reason of its infringement of AO's trademark rights and unfair competition, and all other sums by which Defendant or its owners, members, or employees has been unjustly enriched.

G.     That AO be awarded all damages incurred by reason of Defendant's

trademark infringement of AO's rights, and Defendant's unfair competition.

H.     That Defendant be required, in accordance with Section 34(a) of the

U.S. Trademarks Act, 15 U.S.C. § 1116(a), to file with the Court, and serve upon

AO, a report in writing, under oath, setting forth in detail the manner and form in

which Defendant has  complied with the terms of any injunction entered by this

Court.

I.     That this case be deemed exceptional under 15 U.S.C. § 1117(a), and

that AO be awarded increased damages.

J.     That an assessment of costs and attorneys' fees for this action be made

against Defendant.

K.     That Plaintiff be granted such other and further relief as the Court may

deem just and proper.

Plaintiff demands a jury trial.


Respectfully submitted,


Date:  October 10, 2017          _____

Colleen Ready
Margolis Edelstein
cready@margolisedelstein.com
100 Century Parkway, Suite 200
Mount Laurel, NJ 08054
Phone: (856) 727-6000

Phone: (856) 727-6000

Aaron T. Olejniczak (*of counsel*)
aarono@andruslaw.com
Christopher R. Liro (*of counsel*)
chris.liro@andruslaw.com
Andrus Intellectual Property Law, LLP
100 East Wisconsin Avenue, Suite 1100
Milwaukee, WI 53202
Phone: (414) 271-7590

*Attorneys for Plaintiff*
*American Orthodontics Corporation*